UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Fernesha B. Mazyck,<br>Plaintiff, | CASE NO.: 2:25-cv-11496-DCN-MHC |
| v. | **COMPLAINT**<br>**(JURY TRIAL REQUESTED)** |
| Taco Boy Summerville, LLC,<br>Defendant. | |

## JURISDICTION AND PARTIES

    1. This suit is brought, and jurisdiction lies pursuant to §107(a) of the Americans with Disabilities Act, 42 U.S.C. §12117 (hereinafter "ADA"), which incorporates by reference §706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5 (hereinafter "Title VII").

    2. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

        a. A charge of employment discrimination on basis of disability discrimination and retaliation were filed with Equal Employment Opportunity Commission ("EEOC").

        b. All Notifications of the Right to Sue were received from the EEOC on or about May 15, 2025.

        c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of the Right to Sue.

    3. The Plaintiff, Fernesha B. Mazyck, is a citizen and resident of the State of South Carolina and resides in Charleston County, South Carolina.

    4. Defendant, Taco Boy Summerville, LLC, upon information and belief, is a domestic corporation organized and operating under the laws of the State of South Carolina.

    5. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

    6. The Defendant is a "person" within the meaning of Title VII and the ADA.

    7. The Defendant is an industry that affects commerce within the meaning of Title VII and the ADA.

8. The Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of Title VII and the ADA.

9. Therefore, the parties, matters and all things hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

10. In or around July 2023, the Plaintiff began working for Defendant as a prep chef.

11. During the Plaintiff's employment she was involved in an automobile wreck and sustained a knee injury. Because of this condition, the Plaintiff is a person with a serious medical condition as defined by the ADA.

12. In or around November 2023, Plaintiff's treating physician advised her to work light duty, including no up and down stairs, carrying heavy objects, etc.

13. The Plaintiff presented her doctor's note to the Kitchen Manager, Kyle Allen. Despite Plaintiff suppling the Defendant with this note, the Defendant called Plaintiff into the office. During this meeting Mr. Allen told Plaintiff that it was a problem for her co-workers to constantly assist her with her duties.

14. The Plaintiff's hours were cut, and she was told by Mr. Allen that there were no hours for her even though two new employees had been hired to work during her shift.

15. The Plaintiff reported the discrimination to Billy Schaefer and Michelle Long, but nothing was done.

16. In retaliation for requesting accommodation, the Plaintiff was transferred to a shift that she had told Defendant she could not work due to childcare, and Plaintiff was terminated on or about January 17, 2024.

17. Any stated reasons for Plaintiff's termination were pretextual in nature. Her termination, in reality, was discriminatory on the basis of her disability and in retaliation for requesting reasonable accommodation.

18. At all times relevant to this Complaint, Plaintiff satisfactorily performed her essential and fundamental job functions and was an exemplary employee in all respects.

## FOR A FIRST CAUSE OF ACTION
**Violation of the ADA – Failure to accommodate**

19. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

20. The Plaintiff is an individual with a "disability" within the meaning of §3(2) of the ADA, 42 U.S.C. §12102(2). More particularly, Plaintiff has a physical impairment that substantially limits one or more of her major life activities and has a record of such impairment.

21. The Plaintiff is a "qualified individual with a disability" as that term is defined in §101(8) of the ADA, 42 U.S.C. §12111(8). More specifically, Plaintiff is an individual with a disability who can perform the essential functions of her job and other jobs in Defendant's employ.

22. As a result of her disability, the Plaintiff requested reasonable accommodation after an automobile wreck.

23. The Defendant declined, without just cause, to provide those accommodations to the Plaintiff.

24. The Defendant has also failed to undertake any good faith efforts, in consultation with Plaintiff, to identify and make other reasonable accommodations.

**FOR A SECOND CAUSE OF ACTION**
**Violation of the ADA – Retaliation**

25. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

26. That as alleged above, Plaintiff is a handicapped person as defined by S.C. Code §2-7-35, as amended, and the ADA, in that she has a disability which substantially limits one or more major life activities and meets other definitions prescribed by federal law.

27. The Plaintiff's requested accommodation was made in good faith and constituted protected activity under the ADA.

28. Shortly after requesting said accommodation, the Defendant fired the Plaintiff, which is in violation of the ADA and 42 U.S.C. §2000e-3.

29. The Defendant was wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

30. The aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory dismissal; was, in fact, retaliatory in nature; and was in violation of the ADA and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

31. As a result of the above, the Plaintiff has suffered damages in the form of lost back and future wages, benefits and expenses associated with finding other work; and has further suffered severe psychological harm, emotional distress, anxiety, depression, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, loss to character and reputation and physical and personal injuries.

## **REQUEST FOR RELIEF**

32. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

33. That by reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, the Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against the Defendant for all causes of action in an amount which is fair, just and reasonable;

2. Judgment in favor of the Plaintiff and against the Defendant for back pay and associated benefits in such an amount to be determined by the trier of fact;

3. Judgment in favor of the Plaintiff and against the Defendant for front pay and any other work benefits she lost in such an amount to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against the Defendant for prejudgment interest;

5. Judgment in favor of the Plaintiff and against the Defendant for mental anguish, embarrassment, humiliation and emotional distress in an amount to be determined by the trier of fact; and

6. Judgment in favor of the Plaintiff and against the Defendant for actual damages, compensatory damages, punitive damages, attorney's fees, costs of this action and any other relief this Honorable Court deems just, proper and allowable under the law.

**WIGGER LAW FIRM, INC.**

s/ *Dominic M. Nation*
Dominic M. Nation (Fed. I.D. #14290)
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC  29406
(843) 553-9800

North Charleston, South Carolina
August 26, 2025.